IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DALE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-07-194-T |
| ) | |
| RANDALL WORKMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued May 10, 2007, by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Petitioner has timely objected to the Report, which recommends dismissal of the Petition as untimely pursuant to 28 U.S.C. § 2244(d).[1] The Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254, based on claims of error in five criminal cases in the District Court of Oklahoma County, Oklahoma (Nos. CRF-89-221, CRF-89-6597, CRF-89-6819, CRF-89-6822 and CRF-89-6824), where he was convicted upon a plea of guilty and sentenced to life imprisonment for numerous offenses committed after former conviction of two or more felonies. He asserts three

---

[1] *Petitioner initially submitted as his objection in this case a duplicate of his objection in a related case, Smith v. Workman, No. CIV-07-193, in which another magistrate judge recommended the dismissal as untimely of a habeas petition directed at a different criminal conviction but raising similar claims. On June 21, 2007, the Court received Petitioner's Motion to Amend Objection [Doc. 19], which contains a modified objection directed at Judge Couch's Report.*

claims seeking to withdraw his guilty plea on federal constitutional grounds: (1) denial of due process due to an alleged breach of the plea agreement to run the life sentence concurrently with sentences imposed in other criminal cases against him in Oklahoma County and Grady County; (2) ineffective assistance of trial and appellate counsel due to alleged deficiencies in his attorney's performance with regard to the plea agreement and the lack of an appeal; and (3) denial of due process and double jeopardy arising from the alleged interrelatedness of the Canadian County and Oklahoma County offenses.  He also asserts a fourth claim that his life sentence constitutes cruel and unusual punishment.  Judge Couch does not reach the merit of these claims in her Report but instead finds the Petition is time-barred and recommends the Court grant Respondent's motion to dismiss.

In his objection, Petitioner "does not dispute the fact that review of his convictions, absent some exception to the AEDPA's one year provision [of 28 U.S.C. § 2244(d)(1)(A)], would have been barred by the AEDPA limitation period on April 24, 2007." *See* Pet'rs Objection [Doc. 18] at 1; Pet'rs Mot. Amend [Doc. 19] at 2.  Petitioner instead disagrees with Judge Couch's analysis under 28 U.S.C. § 2244(d)(1)(D) that the date on which the factual predicate of the claims could have been discovered was September 23, 2004.  Petitioner contends that under the unique facts of this case – where the alleged breach of the plea agreement is the failure of the Oklahoma County judgment to reflect the concurrent nature of his prison sentences – he could not have known the factual predicate of his claims until the District Court of Oklahoma County denied his motion to correct the judgment.  *See* Pet'rs Objection [Doc. 18] at 3 ("It was the Trial Court's refusal to correct the Judgment and Sentence upon motion for Nunc Pro Tunc that the Breach of Plea occurred");

Pet'rs Mot. Amend [Doc. 19] at 3 (same). This event occurred on April 12, 2005.[2] The Court finds, however, that even if one accepts Petitioner's view of his claims, this difference would not affect the timeliness of the Petition.

Assuming the applicable one-year period began to run on April 12, 2005, the timeliness of the Petition filed on January 29, 2007, still depends on the applicability of statutory and equitable tolling doctrines.[3] Otherwise, the one-year limitations period expired on April 12, 2006. Concerning statutory tolling, Petitioner seeks the benefit of both a mandamus petition filed with the Oklahoma Court of Criminal Appeals (OCCA) to compel the District Court of Oklahoma County to correct the judgment and a post-conviction application filed in the Oklahoma County case.

As to the mandamus petition, the statute is clear that tolling applies only during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2241(d)(2). The mandamus petition was not such an application because OCCA determined it was untimely under the procedural rules of that court. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("By not filing for mandamus relief from the OCCA within thirty days after the state district court denied relief, [petitioner] failed to comply with the procedural rules of the OCCA"); *see also Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) ("state procedural law must govern when determining whether a state petition is 'properly filed'"). If the post-conviction application in Oklahoma County was effective to toll the running of

---

[2] *While acknowledging this event occurred on April 12, 2005 see Pet'rs Objection [Doc. 18], Ex. 1 (time line), Petitioner nevertheless utilizes the date of May 12, 2005, on the theory that he had thirty days to appeal the order refusing to correct the judgment. In so doing, Petitioner mistakenly seeks the benefit of a rule that applies only under § 2244(d)(1)(A), where the operative event is the finality of the judgment.*

[3] *This filing date gives Petitioner the benefit of the prison mailbox rule since he has presented evidence that he delivered his Petition to prison officials for mailing, at the earliest, on January 29, 2007. See Pet'rs Resp. Mot. Dismiss [Doc. 14], att. 6 (Request to Staff).*

the limitations period, however, then Petitioner would gain an additional 172 days from the filing of the application on February 23, 2006, to the conclusion of an unsuccessful appeal on August 14, 2006. This would extend the time to file a federal petition, at most, from April 12, 2006, until October 1, 2006, without equitable tolling.

Petitioner objects to Judge Couch's finding that he has failed to allege a sufficient basis for equitable tolling. In Petitioner's prior filings, he asserted that inmates were denied access to the law library at his place of incarceration from July 10, 2005, to September 1, 2005, due to a riot or disturbance. These facts, if true, would not have prevented a timely filing of a federal petition in 2006. *See Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (finding petitioner had failed to show equitable tolling should apply where he had "not shown this lack of access [to the law library] caused his delay in filing"). For the first time in his objection, Petitioner alleges as an additional basis for equitable tolling that "he suffered from a medical condition that had just been diagnosed" that caused severe headaches, frequent medical visits, and impaired vision. *See* Pet'rs Objection [Doc. 18] at 5; Pet'rs Mot. Amend [Doc. 19] at 5. Petitioner does not specify the date on which this condition allegedly began or the time period during which it allegedly affected his ability to file a petition. In fact, Petitioner does not allege that it prevented him from filing a timely federal petition, only that it required him to rely on other inmates for assistance and to work in the law library where there was better lighting. Thus because Petitioner's bare allegation of a medical impairment does not provide a sufficient basis for equitable tolling, the Court declines to consider this new matter raised for the first time in objection to Judge Couch's Report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")

Therefore, upon *de novo* consideration of the issues, the Court finds the Petition is time-barred and thus adopts the Report and Recommendation [Doc. 15]. Accordingly, the Court grants Respondent's Motion to Dismiss Time-Barred Petition [Doc. 11] and denies as moot Petitioner's Motion to Request Appointed Counsel [Doc. 4]. Petitioner's Motion to Amend Objection to Magistrate's Report and Recommendation [Doc. 19] is granted; the modified objection submitted with the motion has been considered by the Court.

The Court dismisses the Petition as untimely under 28 U.S.C. § 2244(d). Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of June, 2007.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE